R. Blake Hamilton (11395)
**DENTONS DURHAM JONES PINEGAR, P.C.**
111 S. Main, Suite 2400
Salt Lake City, UT  84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
blake.hamilton@dentons.com

*Attorney for Sevier County Defendants*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH (SOUTHERN REGION)

| | |
|---|---|
| VAUGHN REID, for himself, and VAUGHN REID and LILIBETH FOSTER, on behalf of V.G.R., a minor,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RAPICH, Superintendent of The Utah Highway Patrol; SEVIER COUNTY; RICHFIELD CITY; SERGEANT BRONSON WOOD; DEPUTY TROY CAMPBELL; SERGEANT ADRIAN HILLIN; TROOPER REBECCA MARSHALL; TROOPER FNU BREMMER,<br><br>Defendants. | **SEVIER COUNTY DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 4:23-cv-00086-AMA-PK<br><br>Judge Ann Marie IcIff Allen<br>Magistrate Judge Paul Kohler |

Defendants SEVIER COUNTY, DEPUTY TROY CAMPBELL, and SERGEANT ADRIAN HILLIN, (collectively "Sevier County Defendants") through their counsel, move to dismiss this Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) and DUCivR 7-1.  The bases for this Motion include:

- Plaintiffs failed to substitute a proper party for Adrian Hillin within 90 days after service of a statement noting death pursuant to Rule 25;

- Plaintiffs failed to serve Sevier County Defendants pursuant to Rule 4(m);

- Plaintiffs fails to make a facially plausible claim against Sevier County for supervisor liability;

- Plaintiffs' causes of action against Sevier County fail under a *Monell* analysis;

- There is no basis for a 42 U. S. C. § 1983 illegal interrogation of a minor claim under *Miranda v. Arizona;*

- Regarding any federal constitutional claims, Sergeant Hillin and Deputy Campbell are entitled to qualified immunity, if sued in their individual capacities; and

- Plaintiffs fail to make a claim for punitive damages.

## RELIEF REQUESTED

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Sevier County Defendants move to dismiss Plaintiffs' claims against them.  Plaintiffs have asserted three causes of action, all in connection with an incident on October 10, 2019:

(1)    Excessive Force, per 42 U. S. C. § 1983, alleged mainly at Utah Highway Patrol (UHP) officers.  There are no specific allegations against Sevier County Defendants in the first cause of action although they are named in the heading. The failure to allege any facts does not satisfy Rule 8, in that a Complaint contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(1)(2).

(2)     Failure to Train, per 42 U. S. C. § 1983, lodged against SEVIER COUNTY, Richfield City, and UHP Supervisor Rapich, alleging that SEVIER COUNTY failed to properly train and supervise their employees.

(3)     Illegal Interrogation of a Minor, per 42 U. S. C. § 1983, lodged against the UHP officers and DEPUTY CAMPBELL and SERGEANT HILLIN.

For the reasons set forth below, Plaintiffs have failed to sufficiently plead and state a claim for which relief can be granted and all causes of action against Sevier County Defendants should be dismissed with prejudice.

## RECITATION OF RELEVANT FACTS

Sevier County Defendants dispute the majority of the facts alleged in the Complaint. For the purposes of this motion, the following facts are taken from Plaintiffs' Complaint (ECF 2).

1. On October 10, 2019, Plaintiffs were driving on I-70 through Sevier County and Plaintiff Foster was driving. *Id.*, at 5

2. UHP Officers pulled over Plaintiffs for speeding in a construction zone. *Id.*, at 6.

3. During the stop, Plaintiff Foster got out of the driver's seat to speak to the officers, after which Plaintiff Reid, with minor VGR in the backseat, pulled away from the scene of the traffic stop. *Id.*

4. Sevier County Deputies Campbell and Hillin were called to assist UHP in locating Reid. *Id.*, at 8.

5. Reid was stopped by officers and the vehicle was searched. *Id.*

6. During the search, Sevier County Deputies Campbell and Hillin took Plaintiff VGR back to Deputy Campbell's vehicle and asked VGR some questions. *Id.,* ¶ 51.

7. VGR told Sevier County Deputies Campbell and Hillin that he could show them where his dad had thrown out a bag along the interstate. *Id.,* ¶ 51.

8. Sevier County Deputies Campbell and Hillin drove VGR, without a parent present in the car, to search for Reid's bag thrown out along the interstate. *Id.,* ¶ 53.

9. The bag was located, which contained marijuana and other narcotics. *Id.*, at 9.

10. Plaintiffs allege that Reid was taken to the county jail and then to the UHP office, where he was questioned by UHP officers. *Id.*

11. Plaintiffs allege that Reid was handcuffed, hit, choked, had his phone taken from him, and was attacked by UHP officers. *Id.*, at 10.

12. Plaintiffs allege that Reid was taken to the emergency room for treatment then taken back to the Sevier County Jail. *Id.,* at 9-10.

## APPLICABLE STANDARD

**Standard of Review.**

Generally, in considering a motion to dismiss under Rule 12(b)(6), the Court should accept all well-pleaded facts as true and draw inferences from those facts in the plaintiff's favor to determine whether the complaint contains enough facts to state a claim for relief that is plausible on its face. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Nevertheless, "[f]actual allegations in a complaint must be enough to raise a right of relief above the speculative level," and "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for his claims." *Smith v. Millett*, No. 2:07-cv-723-TS, 2009 WL 3181996, * 6 (D. Utah Sept. 28, 2009) (cleaned up).

To state a claim sufficient to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted). The complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (internal quotations omitted).

4

At a minimum, the facts pled must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds by *Twombly*, 550 U.S. at 563; see *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993).

While this Court must accept reasonable inferences derived from well-pleaded facts, it need not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 663, or "legal conclusions couched as factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986); see also *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). In addition, if a plaintiff fails to allege an essential element of his or her claim, the complaint does not sufficiently state a claim upon which relief may be granted and may be dismissed. See *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). Where plaintiffs fail to state a claim for which relief may be granted, the court should terminate those claims that "are fatally flawed in their legal premises and destined to fail" by dismissal as appropriate. *Advanced Cardiovascular Sys. Inc. v., Scimed Life Sys., Inc*., 988 F.2d 1157, 1160 (10th Cir. 1993).

For the reasons outlined below, Plaintiffs have failed to adequately plead their claims against Sevier County Defendants. Accordingly, this Court should grant the Motion to Dismiss.

## ARGUMENT

1. **Pursuant to Fed. R. Civ. P. Rule 25(a)(1), all claims against SERGEANT HILLIN must be dismissed because a motion for substitution has not been filed within 90 days after the "Suggestion of Death" was served on Plaintiffs.**

Federal Rules of Civil Procedure Rule 25(a)(1), "Substitution of Claim if Not Extinguished," states that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion [for substitution] is not made within 90 days after service of a statement noting death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. Rule 25(a)(1).

"Rule 25(a)(1) is designed to prevent a situation in which a case is dismissed because a party never learned of the death of an opposing party. Instead, the party is given 90 days from the time when it learns from compliance with Rule 25(a)(1) of the death of an opposing party to take appropriate action." *Kasting v. American Family Mut. Ins. Co.*, 196 F. R. D. 595 (2000).

"Rule 25 provides that suggestion of death on the record is made by service of a statement of the fact of the death on the parties as provided in Rule 5." *U.S. v. Miller Bros. Const. Co.*, 505 F.2d 1031 (10th Cir. 1974). On February 7, 2024, Counsel for Sergeant Hillin filed both a Notice of Appearance and a Notice of "Suggestion of Death" informing Plaintiffs that Sergeant Hillin passed away 603 days before the Complaint was filed.

Over 90 days have passed since the Suggestion of Death was filed. Plaintiffs have not moved to substitute a representative for Sergeant Hillin and accordingly, this Court "must dismiss" the action against the decedent. Fed. R. Civ. P. 25(a)(1). Under *Steffey v. Orman*, 461 F.3d 1218, 1220, n. 2 (10th Cir. 2006), upon death of a defendant, defendant's Counsel may file

a suggestion of death, pursuant to Fed. R. Civ. P. 25(a)(1).  See also *Harris v. City of Denver*, 22-1007, n. 1(10th Cir. Jan. 25, 2023).

As stated in Rule 25(a)(3), the "Suggestion of Death" was made on the record and service of the statement of death was served on all parties as provided in Federal Rules of Civil Procedure Rule 5.  *U.S. v. Miller Bros. Const. Co.,* 505 F.2d 1031, 1035 (10th Cir. 1974). Pursuant to Rule 25(a), all claims against Sergeant Hillin should be dismissed.

   2. **All claims against SEVIER COUNTY DEFENDANTS should be dismissed because Plaintiffs have not shown good cause for the failure to serve under Rule 4(m).**

Federal Rules of Civil Procedure Rule 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court –on motion—or on its own after notice to the plaintiff –must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. Rule 4(m).

Plaintiffs filed their Complaint on October 6, 2023.  ECF 2.  On November 20, 2023, Plaintiffs sent the Sevier County Clerk/Auditor and the Sevier County Sheriff a Rule 408 Settlement Offer letter stating that Plaintiffs would file their Complaint on December 15, 2023.  The settlement letter was sent over a month and a half after the Complaint was filed on October 6, 2023.  On January 2, 2024, and again on January 3, 2024, Sevier County Defendants' counsel emailed Plaintiffs' counsel to inquire about the contents of the settlement offer letter.  Plaintiffs' counsel did not respond to the email inquiries about moving forward with the settlement offer or confirm whether Defendants' counsel was to accept service of the complaint and file the waivers with the court.

On January 3, 2024, Plaintiffs filed a "Motion to Extend Deadline for Serving Complaint."  ECF 7. Within the Motion Plaintiffs asserted that counsel was in contact with

7

attorneys representing all of the defendants and needed time to see if the case could be resolved. *Id.*, at 2. Plaintiffs asked the Court for an extension of 90 days to serve the complaint. The Court gave notice that service was to be completed in 90 days or about April 3, 2024. During those 90 days, Plaintiffs' counsel had no communication with Sevier County Defendants' counsel.

On April 22, 2024, the Court filed an "Order to Show Cause" ordering Plaintiffs to show cause why this matter should not be dismissed without prejudice for failure to serve the defendants. ECF 11. On April 24, 2024, Plaintiffs filed a status report indicating that Plaintiffs are attempting to work out the "parties so Plaintiffs can file an amended complaint or a notice of dismissal removing the unnecessary parties. In the meantime, Plaintiffs will make sure the waivers and acceptances of service are filed with the court as soon as possible." ECF 12, at 2.

From April 22, 2024, through the filing of this motion, Sevier County Defendants' counsel did not receive any communication from Plaintiffs' counsel. Moreover, since Plaintiffs have not made any effort to "make sure the waivers or acceptances of services are filed with the court as soon as possible" and due to their failure to comply with the Court's deadline of April 4, 2024, Sevier County Defendants ask the Court to dismiss all claims against Sevier County Defendants for non-compliance with Rule 4(m).

3. **The claims against SEVIER COUNTY are inadequately pled and should be dismissed.**

Plaintiff brings their Second Cause of Action against Sevier County for failure to properly train and supervise their employees. Plaintiffs allege that Sevier County was deliberately indifferent toward the proper training and supervision of their employees and agents. They also claim that as a result of the policies and practices of Sevier County, Plaintiff Reid's

rights were violated. Plaintiffs go further to claim that the use of force by multiple UHP officers indicates the failure of Sevier County to train and supervise. The alleged use of force incidents took place at the UHP office where Plaintiff Reid was interviewed by UHP officers. The allegations are void of specific facts against Sevier County.

A claim for supervisory liability must plead three elements: "(1) personal involvement, (2) causation, and (3) state of mind." *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 768 (10th Cir. 2013). Here, Plaintiffs failed to meet any of the three elements. First, there are no attempts to plead facts that show how Sevier County failed to train or supervise UHP officers. See *Id*. (finding that personal involvement requires more than just "exercise of control or direction, or . . . failure to supervise"). Second, Plaintiffs' alleged facts are silent on causation. Third, Plaintiffs' Amended Complaint does not address any employee's state of mind. Therefore, Plaintiffs have not properly pled claims against Sevier County for failure to train and supervise. Plaintiff have failed to produce any evidence to show how Sevier County's training was inadequate such that it was plainly obvious that a constitutional violation occurred.

Further, Plaintiffs claims of county liability under a theory of inadequate police training must show that the inadequate training was a "deliberate or conscious choice" on the part of the municipality and that "the failure to train amounts to deliberate indifference" "to the rights of its inhabitants." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989). Deliberate indifference can be established in one of two ways: first, by showing that "the municipality had actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998). Notice is usually "established by

proving the existence of a pattern of tortious conduct." *Id.* In the absence of a pattern of tortious conduct, the Tenth Circuit has recognized a "narrow range of circumstances" where deliberate indifference can be found when "a violation of federal rights is a 'highly predictable' or 'plainly obvious' consequence of a municipality's action or inaction" such as failing to train on "specific skills needed to handle recurring situations, thus presenting an obvious potential for constitutional violations." *Id*. at 1307-08.

Plaintiffs have not alleged facts to show a pattern of tortious conduct on the part of Sevier County employees that would put Sevier County on notice that more training on excessive force was necessary. There is no evidence that Sevier County knew or should have known of complaints regarding UHP's previous incidents of excessive force at the time of the event. Even if Plaintiffs attempt to claim that Sevier County's training was inadequate, the Supreme Court has discouraged courts from "second-guessing municipal employee-training programs" because courts are "ill suited" for such an endeavor, which would also "implicate serious questions of federalism." *City of Canton, Ohio v. Harris*, 489 U.S. at 392.

4. **In the alternative, the failure to train and supervise claims against SEVIER COUNTY fail under a *Monell* analysis.**

The Supreme Court in *Monell* determined that municipalities cannot be held liable for civil rights violations under a theory of respondeat superior, but rather may only be held liable upon a showing that the "execution of a government's policy or custom . . . inflicts the injury that the government as an entity may be responsible under § 1983." *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). Thus, a successful *Monell* claim must plead three elements: (1) the existence of an official policy or custom, (2) causation, and (3) "deliberate indifference to an almost inevitable constitutional injury." *Schneider v. City of Grand Junction Policy Dept.*,

717 F.3d 760, 769 (10th Cir. 2013). The Complaint fails to adequately plead facts against Sevier County. Under *Monell,* the Plaintiffs must show that the county was the moving force behind the injury alleged which was not done. To the extent that Plaintiffs have alleged a *Monell* claim in its second cause of action, the claims against Sevier County are deficient and should be dismissed.

5. **The claims of illegal interrogation of a minor under Section 1983 and *Miranda* v. *Arizona* should be dismissed.**

Plaintiffs claim that Sevier County Deputies Campbell and Hillin interrogated VGR "without reading him the Miranda warning and without having his parents present." ECF 2, at 18, ¶ 112. They also claim that "deputies Campbell and Hillin did not read VGR his *Miranda* rights prior to questioning him or taking VGR with them on a ride in their vehicle" and that the officers knew that it was improper. *Id*., at 19, ¶ 114-16. Plaintiffs essentially allege that VGR's rights are actionable under 42 U. S. C. § 1983. *Id*., ¶ 117.

However, the third cause of action claims against Deputies Campbell and Hillin should be dismissed because a violation of *Miranda* rules did not occur and the *Miranda* rule does not provide a basis for a § 1983 claim. Firstly, Plaintiffs have failed to show that VGR was a suspect, when Plaintiff Reid was the suspect who threw out the bag on the interstate. At the point of questioning by the deputies, VGR was only a witness to what happened in his father's car.

Secondly, the Supreme Court has held that "a Miranda violation does not constitute the deprivation of a right secured by the Constitution that is enforceable under § 1983, and assuming Miranda's prophylactic rule protecting Fifth Amendment right against compelled self-incrimination constituted federal law securing a right within meaning of § 1983, such rule did not include right to sue for damages under § 1983. *Vega v. Tekoh*, 597 U.S. 134 (2022). The

question decided by the court was "whether a violation of the Miranda rules, provides a basis for a claim under § 1983.  **We hold that it does not**." *Id*., at *141. (Emphasis added).   Pursuant to the Court's holding in *Vega v. Tekoh*, the third cause of action claims against Sevier County Defendants should be dismissed.

### 6. SERGEANT HILLIN and DEPUTY CAMPBELL are entitled to qualified immunity.

In addition to the arguments made above, the doctrine of qualified immunity shields government officials from liability as long as "their conduct does not violate clearly established statutory or constitutional rights[.]" *Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir. 2006). It is meant to protect "all but the plainly incompetent or those who knowingly violate the law." *White v. Pauly*, 137 S. Ct. 548, 551 (2017). Once raised, the qualified immunity defense creates a rebuttable presumption that the defendant is entitled to immunity. See *Medina v. Cram*, 252 F.3d 1124, 1129 (10th Cir. 2001).

To rebut the presumption of immunity, a plaintiff must establish two elements. First, the plaintiff must show that the defendant violated his or her constitutional rights. Second, the plaintiff must show that the right was "clearly established" at the time of the defendant's alleged misconduct. *D.C. v. Wesby*, 138 S. Ct. 577, 589 (2018). If a plaintiff fails to show either element, the defendant is immune. *Holland v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001). A right is "clearly established" if "every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). To show this, the plaintiff bears the burden of directing the Court to case law establishing the right. See *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008) (internal quotation marks omitted) (a plaintiff must show that a "constitutional right is

12

clearly established by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits"). But a clearly established law cannot be defined "at a high level of generality[.]'" *Wesby*, 138 S.Ct. at 590 (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014)). It must be "particularized to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, 551–52 (2017) (per curiam) (quotation omitted). Further, it should put the alleged unlawfulness of the conduct "beyond debate." *Id.*, at 551. The doctrine of qualified immunity protects officials from civil liability as long as they do not violate clearly established statutory rights of which a reasonable person would have known. *Mullinex v. Luna*, U.S., 136 S.Ct 305, 308 (2015). The claims against Sergeant Hillin and Deputy Campbell should be dismissed because they are entitled to qualified immunity.

### 7. Plaintiffs do not have a claim for punitive damages.

Plaintiffs have asked the Court to award punitive damages against Sevier County to Plaintiffs Reid and VGR, due to unreasonable and excessive force, the unconstitutional interrogation of VGR, and the county's negligence in training and supervision or failure to follow policy. ECF 2, at 12, ¶ d. However, the United States Supreme Court has held that a municipality is immune from punitive damages: [i]n sum, we find that considerations of history and policy do not support exposing a municipality to punitive damages for the bad faith actions of its officials. Because absolute immunity from such damages obtained at common law and was undisturbed by the 42d. Congress, and because that immunity is compatible with both the purposes of s[ection] 1983 and general principles of public policy, we hold that a municipality is immune from punitive damages under 42 U.S.C. s[ection]1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). The Tenth Circuit follows this reasoning and so does

the Utah Supreme Court. *Ray v. City of Edmonds*, 662 F.2d 679, 680 (10th Cir. 1981); *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 2307 (10th Cir. 2003). See also U.C.A. §63G-7- 603(1)(a). Accordingly, punitive damages are not allowed against Sevier County.  Furthermore, a municipality will not be liable "when there was no underlying constitutional violation by any of its officials and/or employees." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317-18 (10th Cir. 2002).  Whereas, as previously noted, there is also no evidence showing that Plaintiffs' rights were violated by any Sevier County employee or official or that any Sevier County employee or official caused Plaintiffs' any actionable harm.

## CONCLUSION

For the foregoing reasons, each of Plaintiffs' claims against Sevier County Defendants should be dismissed with prejudice.

DATED: July 9, 2024.

**DENTONS DURHAM JONES PINEGAR, P.C.**

/s/ *R. Blake Hamilton*
R. BLAKE HAMILTON
*Attorney for Sevier County Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing was served this 9th day of July, 2024, via electronic filing, which served the following:

Alyson McAllister
SYKES MCALLISTER LAW OFFICES
311 S. State Street, Ste 240
Salt Lake City, UT 84111-2320
alyson@sykesmcallisterlaw.com

                                        /s/ *Melani Thatcher*
                                        MELANI THATCHER
                                        Paralegal