IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VAUGHN REID, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>MICHAEL RAPICH, et al.,<br><br>　　　　Defendants. | **MEMORANDUM DECISION & ORDER DENYING MOTION FOR EXTENSION OF TIME AND GRANTING MOTION TO DISMISS**<br><br>Case No. 4:23-cv-00086<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

## INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Extension of Time to Serve the Complaint and the Motion to Dismiss filed by Defendants Deputy Troy Campbell, Sergeant Adrian Hillin, and Sevier County (collectively, the "County Defendants").[1] For the reasons discussed below, the Court will deny Plaintiffs' motion and grant the County Defendants' motion.

## BACKGROUND[2]

In October 2019, Plaintiffs Vaughn Reid and Lilibeth Foster were traveling on I-70 in Sevier County with Plaintiff V.G.R., their minor child, when Defendant Sergeant Bronson Wood pulled them over for speeding.[3] Defendant Wood summoned Plaintiff Foster to his patrol car for questioning and to complete the citation.[4] Defendant Wood then approached Plaintiff Reid for

---

[1] Based on the suggestion of death filed in this Court, it appears that Defendant Hillin is deceased. *See* ECF No. 10 at 1. Even so, Defendant Hillin is still named as one of the movants in the motion to dismiss. ECF No. 15 at 1.

[2] This factual summary is based on the allegations in Plaintiffs' complaint, which the Court assumes to be true at this stage to the extent they are well-pleaded. *See Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011).

[3] ECF No. 2 at 3, 5; *see id.* at 8.

[4] *Id.* at 6.

questioning, after which he returned to his patrol car to complete a license and criminal history check.[5]

At this point, Plaintiff Reid moved from the passenger seat to the driver seat in Plaintiffs' car and pulled away with Plaintiff V.G.R. still in the backseat.[6] Because Plaintiff Foster was still in his patrol car, Defendant Wood called for backup.[7] Another law enforcement officer stopped Plaintiff Reid a bit further down the road, and Defendants Campbell and Hillin subsequently took Plaintiff V.G.R. to Defendant Campbell's patrol car and questioned him without his parents present.[8]

Upon questioning, Plaintiff V.G.R. told the officers that he could direct them to where Plaintiff Reid threw a bag out of the car after driving away from the scene of the initial stop.[9] With Plaintiff V.G.R. in tow, Defendant Campbell drove back down the road in search of the bag.[10] Officers eventually found a bag containing marijuana and other narcotics.[11] Plaintiff Reid was taken into custody, where some Defendants beat him, causing injuries that resulted in a trip to the emergency room.[12]

Plaintiffs filed their complaint on October 6, 2023.[13] Relying on 42 U.S.C. § 1983, Plaintiffs raise three causes of action: excessive force, failure to train and supervise, and illegal interrogation of a minor.[14] As to their third claim, they assert that Defendants Wood, Campbell,

---

[5] *Id.* at 7.
[6] *Id.* at 5, 7.
[7] *Id.* at 7.
[8] *Id.* at 7–8.
[9] *Id.* at 8.
[10] *Id.*
[11] *Id.* at 9.
[12] *Id.* at 10.
[13] *Id.* at 20
[14] *Id.* at 13, 15, 17.

and Hillin violated Plaintiff V.G.R.'s Fifth and Sixth Amendment rights when they questioned him outside his parents' presence without providing *Miranda* warnings.[15]

On January 3, 2024, Plaintiffs requested a 90-day extension to serve Defendants, which this Court granted.[16] By April 22, 2024, Plaintiffs had not provided proof of service on Defendants, and the Court accordingly issued an order to show cause why the case should not be dismissed without prejudice.[17] Plaintiffs responded that they were communicating with counsel for all Defendants and would file waivers or proof of service shortly.[18] Nevertheless, no action occurred until July 9, 2024, when the County Defendants filed their motion to dismiss.[19]

Among other things, the County Defendants argue in their motion that dismissal is warranted for lack of timely service, and because § 1983 does not provide relief for a *Miranda* violation.[20] In response, Plaintiffs contend that the County Defendants agreed to waive or accept service and that, while their third cause of action references *Miranda*, the overall facts of the interrogation are also sufficient to support claims under the Fourth and Fourteenth Amendments.[21] Plaintiffs also clarify in their response that they are not asserting their first and second causes of action against any of the County Defendants.[22] In reply, the County Defendants aver that they have not had any conversations with Plaintiffs regarding acceptance or waiver of service.[23]

More recently, on January 20, 2025, Plaintiffs filed another motion for extension of time to serve their complaint, arguing that unique delays and complications in discovery and settlement

---

[15] *Id.* at 17–19.
[16] ECF No. 7 at 1; ECF No. 8 at 1.
[17] ECF No. 11 at 1.
[18] ECF No. 12 at 1–2.
[19] ECF No. 15 at 14.
[20] *Id.* at 7, 11–12.
[21] ECF No. 18 at 5–7.
[22] *Id.* at 2.
[23] ECF No. 19 at 5–6.

discussions, along with the financial burdens involved in effecting service, support an extension for good cause.[24] The County Defendants oppose this motion, again denying that they have discussed acceptance or waiver of service with Plaintiffs and arguing that Plaintiffs have not shown good cause for an extension.[25]

## DISCUSSION

Under Federal Rule of Civil Procedure 4(m) Plaintiffs were required to serve the County Defendants within 90 days of the complaint being filed. Fed. R. Civ. P. 4(m). Nevertheless, the Court is required to provide an appropriate extension if Plaintiffs "show[] good cause for the failure." *Id.* In addition, Rule 4(m) allows the Court to grant a permissive extension. *See id.* Thus, even if Plaintiffs have failed to establish good cause, the Court "must still consider whether a permissive extension of time may be warranted," *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995), considering factors such as applicable statutes of limitations, the "complexity of the relevant requirements" for service, Plaintiffs' efforts to effect service, whether the County Defendants have "attempted to avoid service," and whether the County Defendants have "actual notice of the claims against [them]." *McClellan v. Bd. of Cnty. Comm'rs of Tulsa Cnty.*, 261 F.R.D. 595, 604–05 (N.D. Okla. 2009); *see also Espinoza*, 52 F.3d at 842. If Plaintiffs fail to show good cause and the Court determines that a permissive extension is not warranted, then it "must dismiss the action without prejudice" as to the County Defendants. Fed. R. Civ. P. 4(m).

Here, Plaintiffs do not dispute that they have failed to timely serve the County Defendants under the original 90-day deadline imposed by Rule 4(m) or under the extended deadline imposed by the Court. Plaintiffs claim that there is good cause for another extension, but the Court disagrees.

---

[24] ECF No. 25 at 1, 4–5.
[25] ECF No. 28 at 1, 5–6.

All told, this case has been pending for over 17 months without proof of proper service on the County Defendants. Plaintiffs assert that they have experienced difficulties in discovery and settlement negotiations, but they have not provided any satisfactory explanation as to why roadblocks in those aspects of the case prevented them from providing timely service. Plaintiffs also cite financial concerns, but the cost of service is an ordinary expense that affects most litigants, and Plaintiffs have not requested that the Court permit an alternative, more cost-effective form of service. *See, e.g.*, Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."). Moreover, while Plaintiffs contend that the County Defendants agreed to waive or accept service, they have not offered any proof of this claim or any rebuttal to the County Defendants' corresponding denials. Thus, Plaintiffs have failed to establish good cause for failing to timely serve the County Defendants.

The Court also concludes that a permissive extension is not warranted here. As an initial matter, the Court notes that the only cause of action asserted against any of the County Defendants is the illegal interrogation claim asserted on behalf of Plaintiff V.G.R. Because Plaintiff V.G.R. is a minor, the statute of limitations for any claim he may have under § 1983 will be tolled until he reaches the age of majority. *See Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) ("For section 1983 actions, state law determines the appropriate statute of limitations and accompanying tolling provisions."); Utah Code § 78B-2-108 (tolling statutes of limitations when an individual plaintiff is underage). Thus, the applicable statute of limitations does not counsel in favor of a permissive extension. The other factors largely point in the same direction. Notably, while the County Defendants obviously have notice of the claim against them, there is no evidence that they have attempted to evade service. Furthermore, while Plaintiffs claim they have been in contact with

5

counsel for all parties, there is no evidence in the record to suggest that they ever actually *tried serving* the County Defendants. Finally, the Court reiterates that the only complication cited by Plaintiffs that is directly related to service is the corresponding financial burden, and such a routine expense should not be the basis for a permissive extension under the present circumstances. Thus, the Court declines to grant Plaintiffs a permissive extension of time to serve the County Defendants.

Moreover, even if Plaintiffs were entitled to an extension or the Court was otherwise inclined to grant one, it would still be appropriate to dismiss the County Defendants because Plaintiffs have failed to state a valid claim against them. As noted previously, the only claim asserted against any of the County Defendants is the illegal interrogation claim. This claim is not asserted against Defendant Sevier County at all, and Defendant Hillin is deceased, so at least a partial dismissal is warranted on those grounds. More broadly, though, the illegal interrogation claim fails because of *Vega v. Tekoh*, where the Supreme Court held that a *Miranda* violation like the one alleged here does not give rise to a § 1983 claim. 597 U.S. 134, 141 (2022). Plaintiffs contend that their claim encompasses theories under the Fourth and Fourteenth Amendments as well, but they did not rely on those theories in their complaint, and this covert attempt to amend the complaint without a proper motion will not fly. *See* DUCivR 7-1(a)(3) ("A party may not make a motion . . . in a response or reply. Any motion must be separately filed."); *see also* Fed. R. Civ. P. 15(a). Therefore, the Court will dismiss the sole claim against the County Defendants.

## CONCLUSION & ORDER

In conclusion, Plaintiffs' Motion for Extension of Time to Serve the Complaint (ECF No. 25) is DENIED, and the County Defendants' Motion to Dismiss (ECF No. 15) is GRANTED. Plaintiffs' claim against the County Defendants is DISMISSED WITHOUT PREJUDICE.

DATED this 18th day of March 2025.

BY THE COURT:

_____
Ann Marie McIff Allen
United States District Judge